L. Trevor Grimm, Esq. (State Bar No. 186801)
Michelle B. Ghaltchi, Esq. (State Bar No. 242482)
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ** LLP
15ᵗʰ Floor at 801 Tower
801 S. Figueroa Street
Los Angeles, California 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
ltg@mmker.com, mbg@mmker.com

Attorneys for Defendants,
COUNTY OF LOS ANGELES, STEVE COOLEY,
CURTIS HAZELL, JOHN SPILLANE, JOHN ZAJEC,
and JACQUELYN LACEY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONE UNNAMED DEPUTY DISTRICT ATTORNEY; ASSOCIATION OF DEPUTY DISTRICT ATTORNEYS, a Los Angeles County Employee Organization, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF LOS ANGELES; STEVE COOLEY, individually and in his official capacity; CURTIS HAZELL, individually and in his official capacity; JOHN SPILLANE, individually and in his official capacity; JOHN ZAJEC, individually and in his official capacity; JACQUELYN LACEY, individually and in her official capacity, and DOES 1-10 <br><br> Defendants. | **CV09-7931 ODW (SSx)** <br><br> **ANSWER OF DEFENDANT COUNTY OF LOS ANGELES TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant COUNTY OF LOS ANGELES, answering Plaintiffs' Complaint for itself and no others, admits, denies and alleges as follows:

///

///

-1-

## PRELIMINARY STATEMENT

1.     Answering paragraph 1, Defendant denies the allegations contained therein.

2.     Answering paragraph 2, Defendant denies the allegations contained therein.

3.     Answering paragraph 3, Defendant denies the allegations contained therein.

4.     Answering paragraph 4, Defendant denies the allegations contained therein.

5.     Answering paragraph 5, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

## JURISDICTION AND VENUE

6.     These are jurisdictional allegations, and Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Plaintiffs' Complaint and therefore denies generally and specifically all allegations in that paragraph.

7.     Answering paragraph 7, Defendant admits that venue in the Central District is proper.  However, Defendant lacks sufficient information and belief to admit or deny the allegations as to the location of the acts alleged by Plaintiffs. Based upon said lack of information or belief, Defendant denies that allegation.

## PARTIES

8.     Answering paragraph 8, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Plaintiff Association of Deputy District Attorneys ("ADDA") is an employee organization formed in accordance with Los Angeles County's Employee Relations Ordinance. The Los Angeles County Employee Relations Commission certified ADDA as the official representative for Los Angeles County Employees Bargaining Unit 801 in March 2008.

9.     Answering paragraph 9, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

10.    Answering paragraph 10, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Defendant Los Angeles County is a municipal corporation. The named individual defendants are employees and/or agents of Los Angeles County.

11.    Answering paragraph 11, Defendant admits the allegations contained therein.

12.    Answering paragraph 12, Defendant denies the allegations contained therein, except for the following allegations which are admitted: Defendant Curtis Hazell, John Spillane, John Zajec, and Jacquelyn Lacey are high-ranking officials in the administration of Defendant Steve Cooley.

13.    Answering paragraph 13, Defendant denies the allegations contained therein.

14.    Answering paragraph 14, Defendant denies the allegations contained therein.

15.    Answering paragraph 15, Defendant denies the allegations contained therein.

16.    Answering paragraph 16, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: On March 24, 2008, Los Angeles County's Employee Relations Commission ("ERCOM") certified ADDA as the employee organization recognized to represent the deputy prosecutors of County Bargaining Unit 801.

17.    Answering paragraph 17, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Defendant Lacey is a top Cooley Administration official and has at times served as a liaison between ADDA and  the  Administration.

18.    Answering paragraph 18, Defendant denies the allegations contained therein.

19.    Answering paragraph 19, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Prior to the October 2008 meeting of Mr. Cooley and Mr. Dver, Defendant Lacey met with Mr. Dver, the Assistant Head Deputy of the Training Division of the District Attorney's Office. The Training Division is responsible for providing a one-month training seminar for all newly-hired prosecutors.

20.    Answering paragraph 20, Defendant admits the allegations contained therein.

21.    Answering paragraph 21, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Lacey regarded Dver as ethical.

22.    Answering paragraph 22, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Mr. Cooley has attended Bar Mitzvahs for Mr. Dver's children.

23.    Answering paragraph 23, Defendant denies the allegations contained therein.

24.    Answering paragraph 24, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Dver met with Cooley on or about October 17, 2008.

25.    Answering paragraph 25, Defendant denies the allegations contained therein.

26.    Answering paragraph 26, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

27.    Answering paragraph 27, Defendant denies the allegations contained therein, except for the following allegations which Defendant denies based on a lack of sufficient information and belief upon which to answer: Burke attached a list as an

exhibit to a state court complaint.

28.     Answering paragraph 28, Defendant denies the allegations contained therein.

29.     Answering paragraph 29, Defendant denies the allegations contained therein, except for the following allegations which Defendant denies based on a lack of sufficient information and belief upon which to answer: Dver was shocked.

30.     Answering paragraph 30, Defendant denies the allegations contained therein.

31.     Answering paragraph 31, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

32.     Answering paragraph 32, Defendant denies the allegations contained therein, except for the following allegations which are admitted: On July 9, 2009, Defendant Lacey testified under oath at a hearing.

33.     Answering paragraph 33, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: ADDA president Ipsen represented himself at that hearing.

34.     Answering paragraph 34, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Lacey made the remarks attributed to her within the allegation.

35.     Answering paragraph 35, Defendant denies the allegations contained therein.

36.     Answering paragraph 36, Defendant denies the allegations contained therein.

37.     Answering paragraph 37, Defendant denies the allegations contained therein.

38.     Answering paragraph 38, Defendant denies the allegations contained therein.

39.     Answering paragraph 39, Defendant denies the allegations contained therein.

40.     Answering paragraph 40, Defendant denies the allegations contained therein.

41.     Answering paragraph 41, Defendant denies the allegations contained therein.

42.     Answering paragraph 42, Defendant denies the allegations contained therein,

except for the following allegations which are admitted: Hyatt Seligman is a member of ADDA's Contract Negotiating Team.

43.   Answering paragraph 43, Defendant denies the allegations contained therein.

44.   Answering paragraph 44, Defendant denies the allegations contained therein.

45.   Answering paragraph 45, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Steve Ipsen joined the Los Angeles County District Attorney's Office in approximately 1987. He is currently a Grade IV deputy.

46.   Answering paragraph 46, Defendant admits the allegations contained therein.

47.   Answering paragraph 47, Defendant admits the allegations contained therein.

48.   Answering paragraph 48, Defendant admits the allegations contained therein.

49.   Answering paragraph 49, Defendant admits the allegations contained therein.

50.   Answering paragraph 50, Defendant admits the allegations contained therein.

51.   Answering paragraph 51, Defendant admits the allegations contained therein.

52.   Answering paragraph 52, Defendant admits the allegations contained therein.

53.   Answering paragraph 53, Defendant denies the allegations contained therein, except for the following allegations which are admitted: The above-cited comments came from Defendant John Spillane, who is now Chief Deputy District Attorney, the second highest official in the DA's Office.

54.   Answering paragraph , Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Steve Ipsen was assigned to the Crimes Against Police Officers ("CAPOS") unit of the DA's Office in 1999. CAPOS focuses exclusively on crimes against law enforcement personnel.

55.   Answering paragraph 55, Defendant admits the allegations contained therein.

56.   Answering paragraph 56, Defendant denies the allegations contained therein, except for the following allegations which are admitted: The author of Ipsen's 2002

-6-

Performance Evaluation, Defendant John Zajec, is now a Director in the DA's office.

57.     Answering paragraph 57, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

58.     Answering paragraph 58, Defendant denies the allegations contained therein.

59.     Answering paragraph 59, Defendant denies the allegations contained therein.

60.     Answering paragraph 60, Defendant denies the allegations contained therein, except for the following allegations which are admitted: Ipsen was rated "Outstanding" by his supervisors while he was in the Complaints Division.

61.     Answering paragraph 61, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

62.     Answering paragraph 62, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

63.     Answering paragraph 63, Defendant denies the allegations contained therein.

64.     Answering paragraph 64, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are denied: Defendant denies any retaliation.

65.     Answering paragraph 65, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Kerry White made the comments that are attributed to him within the allegation.

66.     Answering paragraph 66, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: On or about March 24, 2008, ADDA was certified by ERCOM as the recognized bargaining unit.

67.     Answering paragraph 67, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

68.     Answering paragraph 68, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

69.     Answering paragraph 69, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

70.     Answering paragraph 70, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

71.     Answering paragraph 71, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

72.     Answering paragraph 72, Defendant denies the allegations contained therein, except for the following allegations which are admitted: Ipsen was transferred in July 2008 to the DA's office in Inglewood where his supervisor was Deputy District Attorney Shawn Rudolph.

73.     Answering paragraph 73, Defendant denies the allegations contained therein.

74.     Answering paragraph 74, Defendant denies the allegations contained therein, except for the following allegations which Defendant denies based on a lack of sufficient information and belief upon which to answer: ADDA retained counsel on behalf of the prosecutor.

75.     Answering paragraph 75, Defendant admits the allegations contained therein, except for the following allegations which are denied: Ipsen acted as a union steward.

76.     Answering paragraph 76, Defendant denies the allegations contained therein.

77.     Answering paragraph 77, Defendant denies the allegations contained therein, except for the following allegations which are admitted: On May 28, 2009, Ipsen examined Robert Dver at an ERCOM administrative proceeding. Ipsen examined Lacey on July 9, 2009.

78.     Answering paragraph 78, Defendant denies the allegations contained therein.

79.     Answering paragraph 79, Defendant denies the allegations contained therein.

80.     Answering paragraph 80, Defendant denies the allegations contained therein, except for the following allegations which Defendant denies based on a lack of sufficient information and belief upon which to answer: Defendant issued this PE two days before the beginning of ADDA's campaign to achieve agency shop.

81.     Answering paragraph 81, Defendant denies the allegations contained therein, except for the following allegations which are admitted: Ipsen is currently assigned to the Compton Branch. His supervisor in Compton is Lance Wong, a member of Cooley's management team.

82.     Answering paragraph 82, Defendant denies the allegations contained therein.

83.     Answering paragraph 83, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

84.     Answering paragraph 84, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

85.     Answering paragraph 85, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

86.     Answering paragraph 86, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

87.     Answering paragraph 87, Defendant lacks sufficient information and belief

upon which to answer the allegations contained therein, and on that basis denies the allegations.

88.    Answering paragraph 88, Defendant denies the allegations contained therein.

89.    Answering paragraph 89, Defendant denies the allegations contained therein.

90.    Answering paragraph 90, Defendant denies the allegations contained therein.

91.    Answering paragraph 91, Defendant denies the allegations contained therein, except for the following allegations which Defendant denies based on a lack of sufficient information and belief upon which to answer: Dutton asked if she had done anything illegal in sending the e-mails.

92.    Answering paragraph 92, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

93.    Answering paragraph 93, Defendant denies the allegations contained therein.

94.    Answering paragraph 94, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

95.    Answering paragraph 95, Defendant denies the allegations contained therein, except for the following allegations which are admitted: In Debbaudt's 2009 PE, his supervisor noted a previous supervisor's description of Debbaudt as "the best calendar deputy I have ever seen in the office."

96.    Answering paragraph 96, Defendant denies the allegations contained therein, except for the following allegations which are admitted: In January 2005, Debbaudt's supervisor in the San Fernando Branch, Beverly Campbell, made the referenced comments in Debbaudt's PE.

97.    Answering paragraph 97, Defendant denies the allegations contained therein, except for the following allegations which are admitted: In December 2006, Debbaudt's supervisor in the San Fernando Branch, Michael Grosbard, made the referenced comments in Debbaudt's PE.

98.    Answering paragraph 98, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

99.    Answering paragraph 99, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

100.   Answering paragraph 100, Defendant denies the allegations contained therein.

101.   Answering paragraph 101, Defendant denies the allegations contained therein.

102.   Answering paragraph 102, Defendant denies the allegations contained therein.

103.   Answering paragraph 103, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

104.   Answering paragraph 104, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

105.   Answering paragraph 105, Defendant denies the allegations contained therein, except for the following allegations which are admitted: Debbaudt wrote a letter on ADDA letterhead, on behalf of ADDA, asking to withhold support for Cooley.

106.   Answering paragraph 106, Defendant denies the allegations contained therein, except for the following allegations which are admitted: Defendant Lacey attended one of the ADDA's board meetings.

107.   Answering paragraph 107, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

108.   Answering paragraph 108, Defendant denies the allegations contained therein.

109.   Answering paragraph 109, Defendant denies the allegations contained therein.

110.   Answering paragraph 110, Defendant denies the allegations contained therein.

111.   Answering paragraph 111, Defendant lacks sufficient information and belief

upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Debbaudt was transferred to an assignment in Pomona Juvenile Court.

112.   Answering paragraph 112, Defendant denies the allegations contained therein.

113.   Answering paragraph 113, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

114.   Answering paragraph 114, Defendant admits the allegations contained therein.

115.   Answering paragraph 115, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: In January 2009, Weisbrot issued a PE that rated Debbaudt as "Competent."

116.   Answering paragraph 116, Defendant denies the allegations contained therein, except for the following allegations which are admitted: Debbaudt's supervisor for part of 2008, described Debbaudt as "the best calendar deputy I have ever seen in the office."

117.   Answering paragraph 117, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Debbaudt was transferred to the Sylmar Juvenile Court in early 2009.

118.   Answering paragraph 118, Defendant denies the allegations contained therein, except for the following allegations which are admitted: Debbaudt currently remains at his Sylmar Juvenile assignment.

119.   Answering paragraph 119, Defendant denies the allegations contained therein.

120.   Answering paragraph 120, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

121.   Answering paragraph 121, Defendant lacks sufficient information and belief

upon which to answer the allegations contained therein, and on that basis denies the allegations.

122.   Answering paragraph 122, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: From approximately 1997 to 2006, Seligman was assigned to the Training Division of the DA's Office.  During that time, he trained new deputy prosecutors. During that time, he received an "outstanding" rating.

123.   Answering paragraph 123, Defendant admits the allegations contained therein.

124.   Answering paragraph 124, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: As the Deputy-In-Charge of the psychiatric Section, Seligman supervised other deputies assigned to the unit.

125.   Answering paragraph 125, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

126.   Answering paragraph 126, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

127.   Answering paragraph 127, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

128.   Answering paragraph 128, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Seligman was involved with reviewing legislative proposals affecting the mentally ill and the criminal justice system.

129.   Answering paragraph 129, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

130.   Answering paragraph 130, Defendant admits the allegations contained therein.

131.   Answering paragraph 131, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

132.   Answering paragraph 132, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

133.   Answering paragraph 133, Defendant denies the allegations contained therein.

134.   Answering paragraph 134, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

135.   Answering paragraph 135, Defendant admits the allegations contained therein.

136.   Answering paragraph 136, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

137.   Answering paragraph 137, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: At some point, Seligman requested a Training Division assignment, which was granted.

138.   Answering paragraph 138, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

139.   Answering paragraph 139, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

140.   Answering paragraph 140, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

141.   Answering paragraph 141, Defendant denies the allegations contained therein.

142.   Answering paragraph 142, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are denied: Tranbarger informed Seligman that Long Beach did not need Seligman and did not have any office space for him.

143.   Answering paragraph 143, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Seligman's assignments in Long Beach do not include any training of deputy prosecutors.

144.   Answering paragraph 144, Defendant denies the allegations contained therein.

145.   Answering paragraph 145, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

146.   Answering paragraph 146, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

147.   Answering paragraph 147, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: James Bozajian is a Grade III deputy district attorney. He joined the DA's office in 1990.

148.   Answering paragraph 148, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

149.   Answering paragraph 149, Defendant lacks sufficient information and belief

upon which to answer the allegations contained therein, and on that basis denies the allegations, except for the following allegations which are admitted: Bozajian has, at times, received "Outstanding" ratings on his Performance Evaluations. The referenced remarks are contained within his 2007 PE.

150.   Answering paragraph 150, Defendant denies the allegations contained therein.

151.   Answering paragraph 151, Defendant denies the allegations contained therein.

152.   Answering paragraph 152, Defendant denies the allegations contained therein.

153.   Answering paragraph 153, Defendant denies the allegations contained therein, except for the following allegations which are admitted: In January 2006, DA Investigators handed a letter to Bozajian.

154.   Answering paragraph 154, Defendant denies the allegations contained therein.

155.   Answering paragraph 155, Defendant denies the allegations contained therein.

156.   Answering paragraph 156, Defendant denies the allegations contained therein, except for the following allegations which are admitted: Steve Ipsen was served with a letter by DA Investigators.

157.   Answering paragraph 157, Defendant denies the allegations contained therein.

158.   Answering paragraph 158, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

159.   Answering paragraph 159, Defendant denies the allegations contained therein.

160.   Answering paragraph 160, Defendant denies the allegations contained therein.

### FIRST CAUSE OF ACTION

(Violation of U.S. Constitution, Amendment I - Freedom of Association)

(On Behalf of All Plaintiffs Against All Defendant)

161.   Answering paragraph 161, which incorporates by reference the allegations of other paragraphs of the pleading, Defendant, to the same extent, incorporates by reference the answers provided herein to those paragraphs.

162.   Answering paragraph 162, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

163.   Answering paragraph 163, Defendant denies the allegations contained therein.

164.   Answering paragraph 164, Defendant denies the allegations contained therein.

165.   Answering paragraph 165, Defendant denies the allegations contained therein.

## SECOND CAUSE OF ACTION

(Violation of U.S. Constitution, Amendment I - Freedom of Speech)

(On Behalf of All Plaintiffs Against All Defendant)

166.   Answering paragraph 166, which incorporates by reference the allegations of other paragraphs of the pleading, Defendant, to the same extent, incorporates by reference the answers provided herein to those paragraphs.

167.   Answering paragraph 167, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

168.   Answering paragraph 168, Defendant denies the allegations contained therein.

169.   Answering paragraph 169, Defendant denies the allegations contained therein.

170.   Answering paragraph 170, Defendant denies the allegations contained therein.

## THIRD CAUSE OF ACTION

(Violation of U.S. Constitution, Amendment XIV - Equal Protection)

(On Behalf of All Plaintiffs Against All Defendant)

171.   Answering paragraph 171, which incorporates by reference the allegations of other paragraphs of the pleading, Defendant, to the same extent, incorporates by reference the answers provided herein to those paragraphs.

172.   Answering paragraph 172, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

173.   Answering paragraph 173, Defendant denies the allegations contained therein.

174.   Answering paragraph 174, Defendant denies the allegations contained therein.

175.   Answering paragraph 175, Defendant denies the allegations contained therein.

176.   Answering paragraph 176, Defendant denies the allegations contained therein.

177.   Defendant admits that Plaintiffs are praying for judgment in their Prayer, but deny any entitlement to same.

### FIRST AFFIRMATIVE DEFENSE

178.   The Complaint, and each alleged claim contained therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

179.   The Complaint, and each alleged claim contained therein, is barred to the extent that plaintiffs failed to mitigate their alleged damages.

### THIRD AFFIRMATIVE DEFENSE

180.   The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Defendant, had an honest, reasonable, good faith belief of the facts on which it based its acts, omissions and conduct taken with respect to plaintiffs, if any, and all acts were undertaken for legitimate business reasons.

### FOURTH AFFIRMATIVE DEFENSE

181.   The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

182.   Plaintiffs' claims for relief are barred to the extent that plaintiffs failed to comply with the applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE

183.   Plaintiffs' claims are not ripe.

### SEVENTH AFFIRMATIVE DEFENSE

184.   As a separate and affirmative defense, defendant alleges that plaintiffs' complaint and each and every claim therein are barred by the good faith qualified

immunity.  Defendant County of Los Angeles' governmental employees, acted at all times relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States.  There is no liability where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly established law.  (*Harlow v. Fitzgerald* (1982) 457 U.S. 800, 818; *Saucier v. Katz* (2001) 533 U.S. 194)

EIGHTH AFFIRMATIVE DEFENSE

185.   The alleged disparity of treatment, if any, was based on one or more legitimate, non-discriminatory reasons.

NINTH AFFIRMATIVE DEFENSE

186.   To the extent punitive damages are sought against defendant, the complaint and each cause of action alleged therein fails to state facts sufficient to justify an award of punitive damages and that the Complaint and each cause of action alleged therein, fails to state sufficient and specific facts to support the underlying allegations. Furthermore, a government entity cannot be liable for punitive damages.

TENTH AFFIRMATIVE DEFENSE

187.   Defendant asserts exercise of reasonable business judgment.

ELEVENTH AFFIRMATIVE DEFENSE

188.   The conduct set forth in the complaint does not constitute retaliation under the law.

TWELFTH AFFIRMATIVE DEFENSE

189.   The conduct set forth in the compliant does not constitute discrimination under the law.

THIRTEENTH AFFIRMATIVE DEFENSE

190.   The plaintiffs' claims are barred because the alleged violation of civil rights did not occur pursuant to a governmental policy or custom.

## FOURTEENTH AFFIRMATIVE DEFENSE

191.   Defendant specifically reserve the right to amend this answer and any affirmative defenses asserted herein, as allowed and permitted under the law.


WHEREFORE, Defendant County of Los Angeles, prays that plaintiffs take nothing by this action and that Defendant be awarded costs and all other just relief.


Dated: November 30, 2009              **MANNING & MARDER**
                                      **KASS, ELLROD, RAMIREZ** LLP


                                By:      /s/ L. TREVOR GRIMM
                                      L. TREVOR GRIMM
                                      MICHELLE B. GHALTCHI
                                      Attorneys for Defendants, COUNTY OF LOS
                                      ANGELES, STEVE COOLEY, CURTIS
                                      HAZELL, JOHN SPILLANE, JOHN
                                      ZAJEC,and JACQUELYN LACEY

-20-

### DEMAND FOR JURY TRIAL

Defendant COUNTY OF LOS ANGELES, hereby demands trial of this matter by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated: November 30, 2009          **MANNING & MARDER**
**KASS, ELLROD, RAMIREZ** LLP

By: _____/s/ L. TREVOR GRIMM_____
L. TREVOR GRIMM
MICHELLE B. GHALTCHI
Attorneys for Defendants, COUNTY OF LOS
ANGELES, STEVE COOLEY, CURTIS
HAZELL, JOHN SPILLANE, JOHN
ZAJEC,and JACQUELYN LACEY