Elwood Lui (State Bar No. 45538)
Brian M. Hoffstadt (State Bar No. 187003)
Brian D. Hershman (State Bar No. 168175)
John S. Sasaki (State Bar No. 202161)
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071-2300
Telephone:   (213) 489-3939
Facsimile:   (213) 243-2539
bhoffstadt@jonesday.com

Attorneys for Administrative Defendants
COUNTY OF LOS ANGELES, STEVE
COOLEY, CURTIS HAZELL, JOHN SPILLANE,
JOHN ZAJEC, and JACQUELYN LACEY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONE UNNAMED DEPUTY DISTRICT ATTORNEY; ASSOCIATION OF DEPUTY DISTRICT ATTORNEYS, a Los Angeles County Employee Organization, STEVEN J. IPSEN, an individual, MARC DEBBAUDT, an individual, and HYATT SELIGMAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; STEVE COOLEY, individually and in his official capacity; CURTIS HAZELL, individually and in his official capacity; JOHN SPILLANE, individually and in his official capacity; JOHN ZAJEC, individually and in his official capacity; JACQUELYN LACEY, individually and in her official capacity; PETER A. BURKE, individually and in her official capacity; JANET MOORE, individually and in her official capacity; MARIO TRUJILLO, individually and in her official capacity; LANCE WONG, individually and in her official capacity; and DOES 1-10,<br><br>Defendants. | Case No. CV 09-7931 ODW (SSx)<br><br>**ANSWER OF DEFENDANTS COUNTY OF LOS ANGELES, STEVE COOLEY, CURTIS HAZELL, JOHN SPILLANE, JOHN ZAJEC, AND JACQUELYN LACEY TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF** |

LAI-3095219v3

1    Defendants COUNTY OF LOS ANGELES, STEVE COOLEY, CURTIS

2    HAZELL, JOHN SPILLANE, JOHN ZAJEC, and JACQUELYN LACEY

3    ("Defendants"),[1] for themselves and no other party, hereby answer plaintiffs' First

4    Amended Complaint for Damages, Injunctive Relief, and Declaratory Relief (the

5    "FAC") as follows:

6                              **"PRELIMINARY STATEMENT"**

7         1.    In response to paragraph 1 of the FAC, Defendants deny the

8    allegations contained therein.

9         2.    In response to paragraph 2 of the FAC, Defendants deny the

10   allegations contained therein.

11        3.    In response to paragraph 3 of the FAC, Defendants deny the

12   allegations contained therein.

13        4.    In response to paragraph 4 of the FAC, Defendants deny the

14   allegations contained therein.

15        5.    In response to paragraph 5 of the FAC, Defendants deny the

16   allegations contained therein.

17        6.    In response to paragraph 6 of the FAC, Defendants deny the

18   allegations contained therein.

19        7.    In response to paragraph 7 of the FAC, Defendants deny the

20   allegations contained therein.

21                           **"JURISDICTION AND VENUE"**

22        8.    In response to paragraph 8 of the FAC, Defendants are without

23   sufficient knowledge or information to form a belief as to the truth of, and on that

24   basis denies, the allegations contained therein.

25   _____

26   [1] Plaintiffs added County of Los Angeles employees Peter Burke, Janet
     Moore, Mario Trujillo, and Lance Wong as defendants in the FAC but have not
27   served them.  Defendants Moore, Trujillo, and Wong will be responding to the FAC
     at a later date.  For ease of reference, the above-referenced individuals and the
28   County of Los Angeles—i.e., all of the defendants named in the original in the
     complaint—will be referred to as "Defendants" in this Answer.

1     9.     In response to paragraph 9 of the FAC, Defendants are without

2  sufficient knowledge or information to form a belief as to the truth of, and on that

3  basis denies, the allegations contained therein.

4                                    **"PARTIES"**

5     10.     In response to paragraph 10 of the FAC, Defendants admit that the Los

6  Angeles County Employee Relations Commission certified ADDA as the official

7  representative for Los Angeles County Employees Bargaining Unit 801 in March

8  2008.  As to the other allegations contained in paragraph 10, Defendants are

9  without sufficient knowledge or information to form a belief as to the truth of, and

10  on that basis denies, those allegations.

11     11.     In response to paragraph 11 of the FAC, Defendants are without

12  sufficient knowledge or information to form a belief as to the truth of, and on that

13  basis denies, the allegations contained therein.

14     12.     In response to paragraph 12 of the FAC, Defendants admit that Mr.

15  Ipsen is currently a Grade IV deputy district attorney in the Los Angeles District

16  Attorney's Office ("District Attorney's Office").  As to the other allegations

17  contained in paragraph 12, Defendants are without sufficient knowledge or

18  information to form a belief as to the truth of, and on that basis denies, those

19  allegations.

20     13.     In response to paragraph 13 of the FAC, Defendants admit that Mr.

21  Debbaudt is currently a Grade IV deputy district attorney in the District Attorney's

22  Office.  As to the other allegations contained in paragraph 13, Defendants are

23  without sufficient knowledge or information to form a belief as to the truth of, and

24  on that basis denies, those allegations.

25     14.     In response to paragraph 14 of the FAC, Defendants admit that Mr.

26  Seligman is currently a Grade IV deputy district attorney in the District Attorney's

27  Office.  As to the other allegations contained in paragraph 14, Defendants are

28

1   without sufficient knowledge or information to form a belief as to the truth of, and
2   on that basis denies, those allegations.

3        15.    In response to paragraph 15 of the FAC, Defendant County of Los
4   Angeles admits that it is a municipal corporation, that it currently is the employer of
5   Messrs. Ipsen, Debbaudt, and Seligman, and that it currently is the employer of the
6   named individual defendants.  Defendants deny that the named individual
7   defendants were agents of the County for all purposes.  As to the other allegations
8   contained in paragraph 15, Defendants are without sufficient knowledge or
9   information to form a belief as to the truth of, and on that basis denies, those
10  allegations.

11       16.    In response to paragraph 16 of the FAC, Defendants admit that Mr.
12  Cooley currently is the District Attorney for the County of Los Angeles, that he was
13  first elected to office in November 2000, that his office has approximately 1,000
14  deputy prosecutors, and that he resides in the County of Los Angeles.  Defendants
15  deny that Mr. Cooley was the District Attorney at all times mentioned in the FAC.
16  As to the other allegations contained in paragraph 16, Defendants are without
17  sufficient knowledge or information to form a belief as to the truth of, and on that
18  basis denies, those allegations.

19       17.    In response to paragraph 17 of the FAC, Defendants deny the
20  allegations contained therein.

21       18.    In response to paragraph 18 of the FAC, Defendants admit that Mr.
22  Burke currently is an assistant head deputy in the District Attorney's office.  As to
23  the other allegations contained in paragraph 18, Defendants are without sufficient
24  knowledge or information to form a belief as to the truth of, and on that basis
25  denies, those allegations.

26       19.    In response to paragraph 19 of the FAC, Defendants deny the
27  allegations contained therein.

28

LAI-3095219v3

20.     In response to paragraph 20 of the FAC, Defendants deny the allegations contained therein.

21.     In response to paragraph 21 of the FAC, Defendants deny the allegations contained therein.

22.     In response to paragraph 22 of the FAC, Defendants deny the allegations contained therein.

**"FACTS"**

23.     In response to paragraph 23 of the FAC, Defendants admit that on or about March 24, 2008, ERCOM certified ADDA as the employee organization recognized to represent the prosecutors of County Bargaining Unit 801, and that prior to such certification ADDA was an entity that served primarily as a vehicle for social events for deputy prosecutors.  As to the other allegations contained in paragraph 23, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

24.     In response to paragraph 24 of the FAC, Defendants admit that Defendant Lacey did receive correspondence from Mr. Tavelman.  Defendants deny all other allegations contained in paragraph 24.

25.     In response to paragraph 25 of the FAC, Defendants deny the allegations contained therein.

26.     In response to paragraph 26 of the FAC, Defendants admit that prior to the October 2008 meeting of Mr. Cooley and Mr. Dver, Ms. Lacey met with Mr. Dver, the Assistant Head Deputy of the Training Division of the District Attorney's Office.  Defendants further admit that the Training Division of the District Attorney's Office is responsible for providing a one-month training seminar for all newly-hired prosecutors.  As to the other allegations contained in paragraph 26, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

1        27.     In response to paragraph 27 of the FAC, Defendants admit that

2 allegations contained therein.

3        28.     In response to paragraph 28 of the FAC, Defendants admit that Ms.

4 Lacey regarded Mr. Dver as ethical.  As to the other allegations contained in

5 paragraph 28, Defendants are without sufficient knowledge or information to form

6 a belief as to the truth of, and on that basis denies, those allegations.

7        29.     In response to paragraph 29 of the FAC, Defendants admit that Mr.

8 Cooley attended Bar Mizvahs for Mr. Dver's children.  As to the other allegations

9 contained in paragraph 29, Defendants are without sufficient knowledge or

10 information to form a belief as to the truth of, and on that basis denies, those

11 allegations.

12        30.     In response to paragraph 30 of the FAC, Defendants deny the

13 allegations contained therein.

14        31.     In response to paragraph 31 of the FAC, Defendants admit that Mr.

15 Dver met with Mr. Cooley on or about October 17, 2008.  As to the other

16 allegations contained in paragraph 31, Defendants are without sufficient knowledge

17 or information to form a belief as to the truth of, and on that basis denies, those

18 allegations.

19        32.     In response to paragraph 32 of the FAC, Defendants deny the

20 allegations contained therein.

21        33.     In response to paragraph 33 of the FAC, Defendants deny the

22 allegations contained therein.

23        34.     In response to paragraph 34 of the FAC, Defendants deny the

24 allegations contained therein.

25        35.     In response to paragraph 35 of the FAC, Defendants deny the

26 allegations contained therein.

27

28

LAI-3095219v3

36.     In response to paragraph 36 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

37.     In response to paragraph 37 of the FAC, Defendants deny the allegations contained therein.

38.     In response to paragraph 38 of the FAC, Defendants deny that it intimidated or harassed Mr. Dver.  As to the other allegations in paragraph 38, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

39.     In response to paragraph 39 of the FAC, Defendants admit that Ms. Lacey testified under oath at a hearing on July 9, 2009.  Defendants deny all other allegations contained in paragraph 39.

40.     In response to paragraph 40 of the FAC, Defendants admit that Mr. Ipsen represented himself at the hearing as referenced in this paragraph.  As to the other allegations in paragraph 40, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

41.     In response to paragraph 41 of the FAC, Defendants admit that Ms. Lacey made the remarks attributed to her in this paragraph.  As to the other allegations in paragraph 41, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

42.     In response to paragraph 42 of the FAC, Defendants deny the allegations contained therein.

43.     In response to paragraph 43 of the FAC, Defendants deny the allegations contained therein.

1   44.   In response to paragraph 44 of the FAC, Defendants are without
2   sufficient knowledge or information to form a belief as to the truth of, and on that
3   basis denies, those allegations.

4   45.   In response to paragraph 45 of the FAC, Defendants are without
5   sufficient knowledge or information to form a belief as to the truth of, and on that
6   basis denies, those allegations.

7   46.   In response to paragraph 46 of the FAC, Defendants are without
8   sufficient knowledge or information to form a belief as to the truth of, and on that
9   basis denies, those allegations.

10   47.   In response to paragraph 47 of the FAC, Defendants are without
11   sufficient knowledge or information to form a belief as to the truth of, and on that
12   basis denies, those allegations.

13   48.   In response to paragraph 48 of the FAC, Defendants are without
14   sufficient knowledge or information to form a belief as to the truth of, and on that
15   basis denies, those allegations.

16   49.   In response to paragraph 47 of the FAC, Defendants deny the
17   allegations contained therein.

18   50.   In response to paragraph 50 of the FAC, Defendants are without
19   sufficient knowledge or information to form a belief as to the truth of, and on that
20   basis denies, those allegations.

21   51.   In response to paragraph 51 of the FAC, Defendants admit that Mr.
22   Cooley had a meeting with Mr. Dver on or about October 16, 2009.  Defendants
23   deny all other allegations in paragraph 51.

24   52.   In response to paragraph 52 of the FAC, Defendants deny the
25   allegations contained therein.

26   53.   In response to paragraph 53 of the FAC, Defendants deny the
27   allegations contained therein.

28

54.     In response to paragraph 54 of the FAC, Defendants deny the allegations contained therein.

55.     In response to paragraph 55 of the FAC, Defendants deny the allegations contained therein.

56.     In response to paragraph 56 of the FAC, Defendants deny the allegations contained therein.

57.     In response to paragraph 57 of the FAC, Defendants deny the allegations contained therein.

58.     In response to paragraph 58 of the FAC, Defendants deny the allegations contained therein.

59.     In response to paragraph 59 of the FAC, Defendants deny the allegations contained therein.

60.     In response to paragraph 60 of the FAC, Defendants deny the allegations contained therein.

61.     In response to paragraph 61 of the FAC, Defendants deny the allegations contained therein.

62.     In response to paragraph 62 of the FAC, Defendants deny the allegations contained therein.

63.     In response to paragraph 63 of the FAC, Defendants deny the allegations contained therein.

64.     In response to paragraph 64 of the FAC, Defendants deny the allegations contained therein.

65.     In response to paragraph 65 of the FAC, Defendants deny the allegations contained therein.

66.     In response to paragraph 66 of the FAC, Defendants deny the allegations contained therein.

67.     In response to paragraph 67 of the FAC, Defendants admit that Mr. Ipsen joined the Los Angeles District Attorney's Office in approximately 1987 and

1     is currently serving as a Grade IV Deputy.  As to the other allegations in paragraph

2     67, Defendants are without sufficient knowledge or information to form a belief as

3     to the truth of, and on that basis denies, those allegations.

4          68.     In response to paragraph 68 of the FAC, Defendants admit the

5     allegations contained therein.

6          69.     In response to paragraph 69 of the FAC, Defendants admit the

7     allegations contained therein.

8          70.     In response to paragraph 70 of the FAC, Defendants admit the

9     allegations contained therein.

10           71.     In response to paragraph 71 of the FAC, Defendants admit the

11    allegations contained therein.

12           72.     In response to paragraph 72 of the FAC, Defendants admit the

13    allegations contained therein.

14           73.     In response to paragraph 73 of the FAC, Defendants admit the

15    allegations contained therein.

16           74.     In response to paragraph 74 of the FAC, Defendants admit the

17    allegations contained therein.

18           75.     In response to paragraph 75 of the FAC, Defendants admit that the

19    comments referenced in this paragraph are attributable to Mr. Spillane, who is

20    currently serving as Chief Deputy District Attorney, the second highest official in

21    the District Attorney's Office.  Defendants deny all other allegations contained in

22    paragraph 75.

23           76.     In response to paragraph 76 of the FAC, Defendants admit that Mr.

24    Ipsen was assigned in 1999 to the Crimes Against Police Officers ("CAPOS") unit

25    of the District Attorney's Office, which focuses exclusively on crimes against law

26    enforcement personnel.  As to the other allegations contained in paragraph 76,

27    Defendants are without sufficient knowledge or information to form a belief as to

28    the truth of, and on that basis denies, those allegations.

LAI-3095219v3

77.     In response to paragraph 77 of the FAC, Defendants admit the allegations contained therein.

78.     In response to paragraph 78 of the FAC, Defendants admit that the author of Mr. Ipsen's 2002 Performance Evaluation, Mr. Zajec, is currently a Director in the District Attorney's Office.  Defendants deny all other allegations in paragraph 78.

79.     In response to paragraph 79 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

80.     In response to paragraph 80 of the FAC, Defendants deny the allegations contained therein.

81.     In response to paragraph 81 of the FAC, Defendants deny the allegations contained therein.

82.     In response to paragraph 82 of the FAC, Defendants admit that Mr. Ipsen was rated "Outstanding" by his supervisors while he was in the Complaints Division.  Defendants deny all other allegations in paragraph 82.

83.     In response to paragraph 83 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

84.     In response to paragraph 84 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

85.     In response to paragraph 85 of the FAC, Defendants deny the allegations contained therein.

86.     In response to paragraph 86 of the FAC, Defendants deny that any retaliation took place.  As to the other allegations in paragraph 86, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

87.    In response to paragraph 87 of the FAC, Defendants admit that Kerry White made the remarks attributed to him in this paragraph.

88.    In response to paragraph 88 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

89.    In response to paragraph 89 of the FAC, Defendants deny the allegations contained therein.

90.    In response to paragraph 90 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

91.    In response to paragraph 91 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

92.    In response to paragraph 92 of the FAC, Defendants deny the allegations contained in subsection (a).  As to the other allegations in paragraph 92, including subsection (b), Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

93.    In response to paragraph 93 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

94.    In response to paragraph 94 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

95.    In response to paragraph 95 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

96.    In response to paragraph 96 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

97.    In response to paragraph 96 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

98.    In response to paragraph 98 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

99.    In response to paragraph 99 of the FAC, Defendants admit that Mr. Cooley defeated Mr. Ipsen in the election for Los Angeles District Attorney held in June 2008.  Defendants deny all other allegations contained in paragraph 99.

100.   In response to paragraph 100 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

101.   In response to paragraph 101 of the FAC, Defendants admit that Mr. Ipsen was transferred in July 2008 to the District Attorney's Office in Inglewood where his supervisor was Shawn Randolph.  Defendants deny the allegations in paragraph 101 that Mr. Ipsen's transfer was "another punitive act by Defendants." As to the other allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

102.   In response to paragraph 102 of the FAC, Defendants deny the allegations contained therein.

103.   In response to paragraph 103 of the FAC, Defendants deny the allegations contained therein.

104.   In response to paragraph 104 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of whether the

1   ADDA hired an attorney on behalf of the unnamed prosecutor in this paragraph,

2   and on that basis denies, those allegations.  Defendants deny all other allegations in

3   paragraph 104.

4       105.   In response to paragraph 105 of the FAC, Defendants deny the

5   allegations contained therein.

6       106.   In response to paragraph 106 of the FAC, Defendants admit that Mr.

7   Ipsen was served with a letter notifying him that he was suspended.  Defendants

8   deny all other allegations contained in paragraph 106.

9       107.   In response to paragraph 107 of the FAC, Defendants deny the

10  allegations contained therein.

11      108.   In response to paragraph 108 of the FAC, Defendants are without

12  sufficient knowledge or information to form a belief as to the truth of whether the

13  ADDA and its Board filed an Unfair Labor Practice charge as referenced in this

14  paragraph, and on that basis denies, those allegations.  Defendants deny all other

15  allegations contained in paragraph 108.

16      109.   In response to paragraph 109 of the FAC, Defendants admit that Mr.

17  Ipsen examined Mr. Dver at an ERCOM administrative proceeding on May 28,

18  2009.  Defendants further admit that Mr. Ipsen examined Ms. Lacey on July 9,

19  2009.  Defendants deny all other allegations contained in paragraph 109.

20      110.   In response to paragraph 110 of the FAC, Defendants deny the

21  allegations contained therein.

22      111.   In response to paragraph 111 of the FAC, Defendants deny the

23  allegations contained therein.

24      112.   In response to paragraph 112 of the FAC, Defendants admit the

25  allegations contained therein.

26      113.   In response to paragraph 113 of the FAC, Defendants are without

27  sufficient knowledge or information to form a belief as to the truth of whether

28  Defendants are issued the referenced Performance Evaluation two days before the

beginning of ADDA's campaign to achieve agency shop, and on that basis denies, those allegations. Defendants deny all other allegations contained in paragraph 113.

114. In response to paragraph 114 of the FAC, Defendants deny the allegations contained therein.

115. In response to paragraph 115 of the FAC, Defendants deny the allegations contained therein.

116. In response to paragraph 116 of the FAC, Defendants admit that Mr. Ipsen is currently assigned to the Compton branch of the District Attorney's Office under the supervision of Lance Wong. Defendants deny all other allegations in paragraph 115.

117. In response to paragraph 117 of the FAC, Defendants admit that Mr. Ipsen was transferred to the Antelope Valley branch of the District Attorney's Office in or around October 2009. Defendants deny all other allegations in paragraph 117.

118. In response to paragraph 118 of the FAC, Defendants deny the allegations contained therein.

119. In response to paragraph 119 of the FAC, Defendants deny the allegations contained therein.

120. In response to paragraph 120 of the FAC, Defendants deny the allegations contained therein.

121. In response to paragraph 121 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

122. In response to paragraph 122 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

LAI-3095219v3

123.  In response to paragraph 123 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

124.  In response to paragraph 124 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

125.  In response to paragraph 125 of the FAC, Defendants deny the allegations contained therein.

126.  In response to paragraph 126 of the FAC, Defendants deny the allegations contained therein.

127.  In response to paragraph 127 of the FAC, Defendants deny the allegations contained therein.

128.  In response to paragraph 128 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of whether Mr. Dutton asked if she had done anything illegal in sending the e-mails, and on that basis denies, those allegations.  Defendants deny all other allegations in paragraph 128.

129.  In response to paragraph 129 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

130.  In response to paragraph 130 of the FAC, Defendants deny the allegations contained therein.

131.  In response to paragraph 131 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

132.  In response to paragraph 132 of the FAC, Defendants admit that in Mr. Debbaudt's 2009 Performance Evaluation, his supervisor noted a previous

1   supervisor's description of Debbaudt as "the best calendar deputy I have ever seen

2   in the office."  Defendants deny all other allegations in paragraph 132.

3        133.   In response to paragraph 132 of the FAC, Defendants admit that in

4   January 2005, Mr. Debbaudt's supervisor in the San Fernando branch of the District

5   Attorney's Office, Beverly Campbell, made the referenced comments in

6   Debbaudt's Performance Evaluation.  Defendants deny all other allegations in

7   paragraph 133.

8        134.   In response to paragraph 134 of the FAC, Defendants admit that in

9   December 2006, Mr. Debbaudt's supervisor in the San Fernando Valley branch of

10  the District Attorney's Office, Michael Grosbard, made the referenced comments in

11  Debbaudt's Performance Evaluation.  Defendants deny all other allegations in

12  paragraph 134.

13       135.   In response to paragraph 135 of the FAC, Defendants are without

14  sufficient knowledge or information to form a belief as to the truth of, and on that

15  basis denies, those allegations.

16       136.   In response to paragraph 136 of the FAC, Defendants deny that Mr.

17  Debbaudt has suffered "ongoing retaliation . . ." as referenced in this paragraph.  As

18  to the other allegations in paragraph 136, Defendants are without sufficient

19  knowledge or information to form a belief as to the truth of, and on that basis

20  denies, those allegations.

21       137.   In response to paragraph 136 of the FAC, Defendants deny that Mr.

22  Debbaudt's "support and association with Cooley's political opponents has resulted

23  in additional retaliation . . ." as referenced in this paragraph.  As to the other

24  allegations in paragraph 137, Defendants are without sufficient knowledge or

25  information to form a belief as to the truth of, and on that basis denies, those

26  allegations.

27       138.   In response to paragraph 138 of the FAC, Defendants admit that Mr.

28  Hazel is Director of the Special Circumstances Committee for the Los Angeles

District Attorney's Office.  Defendants are without sufficient knowledge or information to form a belief as to the truth of whether Mr. Debbaudt's or Mr. Bozajian's discussions on the cable access television show referenced in paragraph 138, and on that basis denies, those allegations.  Defendants deny all other allegations in paragraph 138.

139.   In response to paragraph 139 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of whether Mr. Debbaudt discussed and wrote a newsletter article in the publication called "Internal Affairs," and on that basis denies, those allegations.  Defendants deny all other allegations in paragraph 139.

140.   In response to paragraph 140 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

141.   In response to paragraph 141 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of whether Mr. Debbaudt "commented about the punitive and retaliatory transfer of John Harrold, another ADDA Board member," and on that basis denies, those allegations. Defendants deny all other allegations in paragraph 141.

142.   In response to paragraph 141 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

143.   In response to paragraph 143 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of whether Mr. Debbaudt made remarks stating that "LA prosecutors who sought permission to set aside Cooley's approach 'risk' being criticized and ignored as he was," and on that basis denies, those allegations.  Defendants deny all other allegations in paragraph 143.

144.   In response to paragraph 144 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

145.   In response to paragraph 145 of the FAC, Defendants deny that Mr. Cooley "remained silent in the face of this tragedy . . . this judge's dangerous actions." As to the other allegations in paragraph 145, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

146.   In response to paragraph 146 of the FAC, Defendants deny the allegations contained therein.

147.   In response to paragraph 147 of the FAC, Defendants deny the allegations contained therein.

148.   In response to paragraph 148 of the FAC, Defendants deny the allegations contained therein.

149.   In response to paragraph 149 of the FAC, Defendants deny the allegations contained therein.

150.   In response to paragraph 150 of the FAC, Defendants deny the allegations contained therein.

151.   In response to paragraph 151 of the FAC, Defendants admit that Mr. Debbaudt wrote a letter on ADDA letterhead, on behalf of ADDA, asking to withhold support for Mr. Cooley.  Defendants deny all other allegations in paragraph 151.

152.   In response to paragraph 152 of the FAC, Defendants admit that Ms. Lacey attended one of the ADDA's board meetings.  Defendants deny all other allegations in paragraph 152.

153.   In response to paragraph 153 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

154.   In response to paragraph 154 of the FAC, Defendants deny the allegations contained therein.

155.   In response to paragraph 155 of the FAC, Defendants deny the allegations contained therein.

156.   In response to paragraph 156 of the FAC, Defendants deny the allegations contained therein.

157.   In response to paragraph 157 of the FAC, Defendants deny the allegations contained therein.

158.   In response to paragraph 158 of the FAC, Defendants deny the allegations contained therein.

159.   In response to paragraph 159 of the FAC, Defendants deny the allegations contained therein.

160.   In response to paragraph 160 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

161.   In response to paragraph 161 of the FAC, Defendants admit the allegations contained therein.

162.   In response to paragraph 162 of the FAC, Defendants admit that in January 2009, Mr. Weisbrot issued a Performance Evaluation that rated Mr. Debbaudt as "Competent."  Defendants deny all other allegations in paragraph 162.

163.   In response to paragraph 162 of the FAC, Defendants admit that Mr. Debbaudt's supervisor for part of 2008 described Debbaudt as "the best calendar deputy I have ever seen in the office."  Defendants deny all other allegations in paragraph 163.

164.   In response to paragraph 164 of the FAC, Defendants admit that Mr. Debbaudt was transferred to the Sylmar Juvenile Court in early 2009.  As to the other allegations in paragraph 164, Defendants are without sufficient knowledge or

1  information to form a belief as to the truth of, and on that basis denies, those

2  allegations.

3     165.   In response to paragraph 162 of the FAC, Defendants admit that Mr.

4  Debbaudt currently remains at his Sylmar Juvenile assignment.  Defendants deny

5  all other allegations in paragraph 163.

6     166.   In response to paragraph 166 of the FAC, Defendants deny the

7  allegations contained therein.

8     167.   In response to paragraph 167 of the FAC, Defendants are without

9  sufficient knowledge or information to form a belief as to the truth of, and on that

10  basis denies, those allegations.

11     168.   In response to paragraph 168 of the FAC, Defendants are without

12  sufficient knowledge or information to form a belief as to the truth of, and on that

13  basis denies, those allegations.

14     169.   In response to paragraph 169 of the FAC, Defendants admit that from

15  approximately 1997 to 2006, Mr. Seligman was assigned to the Training Division

16  of the District Attorney's Office, and that during this time, Mr. Seligman trained

17  new prosecutors and received an "outstanding" rating.  As to the other allegations

18  in paragraph 169, Defendants are without sufficient knowledge or information to

19  form a belief as to the truth of, and on that basis denies, those allegations.

20     170.   In response to paragraph 170 of the FAC, Defendants admit the

21  allegations contained therein.

22     171.   In response to paragraph 171 of the FAC, Defendants admit that as the

23  Deputy-In-Charge of the Psychiatric Section, Mr. Seligman supervised other

24  deputies assigned to the unit.  As to the other allegations in paragraph 171,

25  Defendants are without sufficient knowledge or information to form a belief as to

26  the truth of, and on that basis denies, those allegations.

27

28

172.   In response to paragraph 172 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

173.   In response to paragraph 173 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

174.   In response to paragraph 174 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

175.   In response to paragraph 175 of the FAC, Defendants admit that Mr. Seligman was involved with reviewing legislative proposals affecting the mentally ill and the criminal justice system.  As to the other allegations in paragraph 175, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

176.   In response to paragraph 176 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

177.   In response to paragraph 177 of the FAC, Defendants admit the allegations contained therein.

178.   In response to paragraph 178 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

179.   In response to paragraph 179 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

180.   In response to paragraph 180 of the FAC, Defendants deny the allegations contained therein.

181.   In response to paragraph 181 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

182.   In response to paragraph 182 of the FAC, Defendants admit the allegations contained therein.

183.   In response to paragraph 183 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

184.   In response to paragraph 184 of the FAC, Defendants admit that Mr. Seligman requested a Training Division assignment, which was granted.  As to the other allegations in paragraph 184, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

185.   In response to paragraph 185 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

186.   In response to paragraph 186 of the FAC, Defendants deny the allegations contained therein.

187.   In response to paragraph 187 of the FAC, Defendants deny the allegations contained therein.

188.   In response to paragraph 188 of the FAC, Defendants deny the allegations contained therein.

189.   In response to paragraph 189 of the FAC, Defendants deny that Mr. Tranbarger informed Mr. Seligman that the Long Beach branch of the District Attorney's Office informed Mr. Seligman that they did not need him.  Defendants further deny that the Long Beach branch informed Mr. Seligman that it did not have any office space for him.  As to the other allegations in paragraph 189, Defendants

LAI-3095219v3

1   are without sufficient knowledge or information to form a belief as to the truth of,

2   and on that basis denies, those allegations.

3       190.   In response to paragraph 190 of the FAC, Defendants admit that Mr.

4   Seligman's assignments at the Long Beach branch of the District Attorney's Office

5   do not include any training of deputy prosecutors.  As to the other allegations in

6   paragraph 190, Defendants are without sufficient knowledge or information to form

7   a belief as to the truth of, and on that basis denies, those allegations.

8       191.   In response to paragraph 191 of the FAC, Defendants deny the

9   allegations contained therein.

10      192.   In response to paragraph 192 of the FAC, Defendants are without

11  sufficient knowledge or information to form a belief as to the truth of, and on that

12  basis denies, those allegations.

13      193.   In response to paragraph 193 of the FAC, Defendants are without

14  sufficient knowledge or information to form a belief as to the truth of, and on that

15  basis denies, those allegations.

16      194.   In response to paragraph 194 of the FAC, Defendants admit that Mr.

17  Bozajian is a Grade III deputy district attorney who joined the District Attorney's

18  Office in 1990.  As to the other allegations in paragraph 194, Defendants are

19  without sufficient knowledge or information to form a belief as to the truth of, and

20  on that basis denies, those allegations.

21      195.   In response to paragraph 195 of the FAC, Defendants are without

22  sufficient knowledge or information to form a belief as to the truth of, and on that

23  basis denies, those allegations.

24      196.   In response to paragraph 196 of the FAC, Defendants admit that Mr.

25  Bozajian has, at times, received "Outstanding" ratings on his Performance

26  Evaluations.  Defendants further admit that the remarks referenced in paragraph

27  196 are contained in his 2007 Performance Evaluation.  As to the other allegations

28

in paragraph 196, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

197.   In response to paragraph 197 of the FAC, Defendants deny the allegations contained therein.

198.   In response to paragraph 198 of the FAC, Defendants deny the allegations contained therein.

199.   In response to paragraph 199 of the FAC, Defendants deny the allegations contained therein.

200.   In response to paragraph 200 of the FAC, Defendants admit that in January 2006, investigators from the District Attorney's Office handed a letter to Mr. Bozajian.  Defendants deny all other allegations in paragraph 200.

201.   In response to paragraph 201 of the FAC, Defendants deny the allegations contained therein.

202.   In response to paragraph 202 of the FAC, Defendants deny the allegations contained therein.

203.   In response to paragraph 203 of the FAC, Defendants admit that investigators from the District Attorney's Office served Mr. Ipsen with a letter. Defendants deny all other allegations in paragraph 203.

204.   In response to paragraph 204 of the FAC, Defendants deny the allegations contained therein.

205.   In response to paragraph 205 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

206.   In response to paragraph 206 of the FAC, Defendants deny the allegations contained therein.

207.   In response to paragraph 207 of the FAC, Defendants deny the allegations contained therein.

208.    In response to paragraph 208 of the FAC, Defendants deny the allegations contained therein.

209.    In response to paragraph 209 of the FAC, Defendants deny the allegations contained therein.

210.    In response to paragraph 210 of the FAC, Defendants deny the allegations contained therein.

211.    In response to paragraph 211 of the FAC, which incorporates by reference the allegations in other paragraphs of the FAC, Defendants, to the same extent, incorporate by reference the answers provided herein to those paragraphs.

212.    In response to paragraph 212 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

213.    In response to paragraph 213 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

214.    In response to paragraph 214 of the FAC, no factual allegations are made therein, and on that basis, Defendants deny those allegations.

215.    In response to paragraph 215 of the FAC, Defendants deny the allegations contained therein.

216.    In response to paragraph 216 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

217.    In response to paragraph 217 of the FAC, Defendants deny the allegations contained therein.

218.    In response to paragraph 218 of the FAC, Defendants deny the allegations contained therein.

219.    In response to paragraph 219 of the FAC, Defendants deny the allegations contained therein.

220.   In response to paragraph 220 of the FAC, Defendants deny the allegations contained therein.

221.   In response to paragraph 221 of the FAC, which incorporates by reference the allegations in other paragraphs of the FAC, Defendants, to the same extent, incorporate by reference the answers provided herein to those paragraphs.

222.   In response to paragraph 222 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

223.   In response to paragraph 223 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

224.   In response to paragraph 224 of the FAC, Defendants deny the allegations contained therein.

225.   In response to paragraph 225 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

226.   In response to paragraph 226 of the FAC, Defendants deny the allegations contained therein.

227.   In response to paragraph 227 of the FAC, Defendants deny the allegations contained therein.

228.   In response to paragraph 228 of the FAC, Defendants deny the allegations contained therein.

229.   In response to paragraph 229 of the FAC, Defendants deny the allegations contained therein.

230.   In response to paragraph 230 of the FAC, which incorporates by reference the allegations in other paragraphs of the FAC, Defendants, to the same extent, incorporate by reference the answers provided herein to those paragraphs.

231.   In response to paragraph 231 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

232.   In response to paragraph 232 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

233.   In response to paragraph 233 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

234.   In response to paragraph 234 of the FAC, Defendants deny the allegations contained therein.

235.   In response to paragraph 235 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

236.   In response to paragraph 236 of the FAC, Defendants deny the allegations contained therein.

237.   In response to paragraph 237 of the FAC, Defendants deny the allegations contained therein.

238.   In response to paragraph 238 of the FAC, Defendants deny the allegations contained therein.

239.   In response to paragraph 239 of the FAC, Defendants deny the allegations contained therein.

240.   In response to paragraph 240 of the FAC, Defendants deny the allegations contained therein.

241.   In response to paragraph 241 of the FAC, Defendants deny the allegations contained therein.

242.   In response to paragraph 242 of the FAC, Defendants deny the allegations contained therein.

243.   In response to paragraph 243 of the FAC, Defendants deny the allegations contained therein.

244.   In response to paragraph 244 of the FAC, Defendants deny the allegations contained therein.

245.   In response to paragraph 245 of the FAC, Defendants deny the allegations contained therein.

246.   In response to paragraph 246 of the FAC, which incorporates by reference the allegations in other paragraphs of the FAC, Defendants, to the same extent, incorporate by reference the answers provided herein to those paragraphs.

247.   In response to paragraph 247 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

248.   In response to paragraph 248 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

249.   In response to paragraph 249 of the FAC, Defendants deny the allegations contained therein.

250.   In response to paragraph 250 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

251.   In response to paragraph 251 of the FAC, Defendants deny the allegations contained therein.

252.   In response to paragraph 252 of the FAC, Defendants deny the allegations contained therein.

253.   In response to paragraph 253 of the FAC, Defendants deny the allegations contained therein.

254.   In response to paragraph 254 of the FAC, Defendants deny the allegations contained therein.

255.   In response to paragraph 255 of the FAC, Defendants deny the allegations contained therein.

256.   In response to paragraph 256 of the FAC, Defendants deny the allegations contained therein.

257.   In response to paragraph 257 of the FAC, Defendants deny the allegations contained therein.

258.   In response to paragraph 258 of the FAC, Defendants deny the allegations contained therein.

259.   In response to paragraph 259 of the FAC, Defendants deny the allegations contained therein.

260.   In response to paragraph 260 of the FAC, Defendants deny the allegations contained therein.

261.   In response to paragraph 261 of the FAC, Defendants deny the allegations contained therein.

262.   In response to paragraph 262 of the FAC, which incorporates by reference the allegations in other paragraphs of the FAC, Defendants, to the same extent, incorporate by reference the answers provided herein to those paragraphs.

263.   In response to paragraph 263 of the FAC, no factual allegations are made therein, and on that basis, Defendants deny those allegations.

264.   In response to paragraph 264 of the FAC, Defendants deny the allegations contained therein.

265.   In response to paragraph 265 of the FAC, Defendants deny the allegations contained therein.

266.   In response to paragraph 266 of the FAC, Defendants deny the allegations contained therein.

267.   In response to paragraph 267 of the FAC, Defendants deny the allegations contained therein.

268.   In response to paragraph 268 of the FAC, Defendants deny the allegations contained therein.

269.   In response to paragraph 269 of the FAC, Defendants deny the allegations contained therein.

270.   In response to paragraph 270 of the FAC, which incorporates by reference the allegations in other paragraphs of the FAC, Defendants, to the same extent, incorporate by reference the answers provided herein to those paragraphs.

271.   In response to paragraph 271 of the FAC, Defendants deny the allegations contained therein.

272.   In response to paragraph 272 of the FAC, Defendants deny the allegations contained therein.

273.   In response to paragraph 273 of the FAC, Defendants deny the allegations contained therein.

274.   In response to paragraph 274 of the FAC, Defendants deny the allegations contained therein.

275.   In response to paragraph 275 of the FAC, Defendants deny the allegations contained therein.

276.   In response to paragraph 276 of the FAC, which incorporates by reference the allegations in other paragraphs of the FAC, Defendants, to the same extent, incorporate by reference the answers provided herein to those paragraphs.

277.   In response to paragraph 277 of the FAC, no factual allegations are made therein, and on that basis, Defendants deny those allegations.

278.   In response to paragraph 278 of the FAC, Defendants deny the allegations contained therein.

279.   In response to paragraph 279 of the FAC, Defendants deny the allegations contained therein.

280.   In response to paragraph 280 of the FAC, Defendants deny the allegations contained therein.

281.   In response to paragraph 281 of the FAC, which incorporates by reference the allegations in other paragraphs of the FAC, Defendants, to the same extent, incorporate by reference the answers provided herein to those paragraphs.

282.   In response to paragraph 282 of the FAC, no factual allegations are made therein, and on that basis, Defendants deny those allegations.

283.   In response to paragraph 283 of the FAC, Defendants deny the allegations contained therein.

284.   In response to paragraph 284 of the FAC, Defendants deny the allegations contained therein.

285.   In response to paragraph 285 of the FAC, Defendants deny the allegations contained therein.

286.   In response to paragraph 286 of the FAC, which incorporates by reference the allegations in other paragraphs of the FAC, Defendants, to the same extent, incorporate by reference the answers provided herein to those paragraphs.

287.   In response to paragraph 287 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

288.   In response to paragraph 288 of the FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, those allegations.

289.   In response to paragraph 289 of the FAC, no factual allegations are made therein, and on that basis, Defendants deny those allegations.

290.   In response to paragraph 290 of the FAC, Defendants deny the allegations contained therein.

291.   In response to paragraph 291 of the FAC, Defendants deny the allegations contained therein.

292.   In response to paragraph 292 of the FAC, Defendants deny the allegations contained therein.

293.   Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for judgment in the FAC.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

294.   The FAC, and each alleged claim contained therein, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

295.   The FAC, and each alleged claim contained therein, is barred to the extent that Plaintiffs failed to mitigate their alleged damages.

**THIRD AFFIRMATIVE DEFENSE**
**(Legitimate Business Reasons)**

296.   The FAC, and each alleged claim contained therein, is barred, in whole or in part, because Defendants, had an honest, reasonable, good faith belief of the facts on which they based their acts, omissions and conduct taken with respect to plaintiffs, if any, and all acts were undertaken for legitimate business reasons.

**FOURTH AFFIRMATIVE DEFENSE**
**(Waiver)**

297.   The FAC, and each alleged claim contained there, is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

298.   Plaintiffs' claims for relief are barred to the extent that plaintiffs failed to comply with the applicable statutes of limitations.

**SIXTH AFFIRMATIVE DEFENSE**
**(Ripeness)**

299.   Plaintiffs' claims are not ripe.

## SEVENTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

300.   As a separate and affirmative defense, individually named Defendants allege that Plaintiffs' FAC and each and every claim therein are barred by the good faith qualified immunity.  Defendant County of Los Angeles's governmental employees, acted at all times relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly established law. (*Harlow v. Fitzgerald* (1982) 457 U.S. 800, 818; S*aucier v. Katz* (2001) 533 U.S. 194)

## EIGHTH AFFIRMATIVE DEFENSE

### (Non-Discriminatory Treatment)

301.   The alleged disparity of treatment, if any, was based on one or more legitimate, non-discriminatory reasons.

## NINTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

302.   To the extent punitive damages are sought against Defendants, the FAC and each cause of action alleged therein fails to state facts sufficient to justify an award of punitive damages and that the FAC and each cause of action alleged therein, fails to state sufficient and specific facts to support the underlying allegations.  Furthermore, a government entity cannot be liable for punitive damages.

## TENTH AFFIRMATIVE DEFENSE

### (Business Judgment)

303.   Defendants assert exercise of reasonable business judgment.

LAI-3095219v3

- 33 -

1

**ELEVENTH AFFIRMATIVE DEFENSE**

2

**(No Retaliation)**

3

304.    The conduct set forth in the FAC does not constitute retaliation under

4

the law.

5

**TWELFTH AFFIRMATIVE DEFENSE**

6

**(No Discrimination)**

7

305.    The conduct set forth in the FAC does not constitute discrimination

8

under the law.

9

**THIRTEENTH AFFIRMATIVE DEFENSE**

10

**(No Violation of Civil Rights)**

11

306.    Plaintiffs' claims are barred because the alleged violation of civil

12

rights did not occur pursuant to a governmental policy or custom.

13

**FOURTEENTH AFFIRMATIVE DEFENSE**

14

**(No State Action)**

15

307.    Plaintiffs' claims are barred because they have not adequately alleged

16

state action.

17

**FIFTEENTH AFFIRMATIVE DEFENSE**

18

**(Failure to Exhaust Administrative Remedies)**

19

308.    Plaintiffs' claims are barred because they have not exhausted their

20

administrative remedies.

21

**SIXTEENTH AFFIRMATIVE DEFENSE**

22

**(Abstention)**

23

309.    Defendants specifically reserve the right to request that this Court

24

abstain from deciding the issues in this case until such issues have been resolved in

25

state court proceedings, including, but not limited to the Los Angeles Employee

26

Relations Commission, or ERCOM.

27

28

LAI-3095219v3

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Eleventh Amendment)**

310.   Plaintiffs' claims are barred by the Eleventh Amendment of the United States Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

311.   Plaintiffs' claims for equitable relief may be barred by the doctrines of waiver, estoppel, laches, and/or unclean hands, depending on the facts revealed through discovery.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Actual Injury)**

312.   Plaintiffs have suffered no actual injury due to Defendants' conduct.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Respondeat Superior)**

313.   Defendants are not vicariously liable or otherwise responsible for acts of subordinates nor subject to liability under the doctrine of respondeat superior.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Respondeat Superior)**

314.   Plaintiffs lack standing to assert the allegations contained in the FAC, and each purported claim for relief alleged therein.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Impropriety As A Class Action)**

315.   This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 because, among other reasons, Plaintiffs' claims are not typical of the claims of each member of the putative class; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only members of the putative class; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs'

claims and any claims of putative class; the named Plaintiffs and their counsel are unable to fairly and adequately protect the interests of members of the putative class; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Not Persons Under 42 U.S.C. § 1983)

316.   With respect to any claim for damages against them, Defendants are not "persons" under 42 U.S.C. § 1983, and Plaintiffs therefore cannot recover damages against the them.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

317.   Defendants specifically reserve the right to amend this answer and any affirmative defenses asserted herein, as allowed and permitted under law.

Dated: May 28, 2010                              **JONES DAY**


By  /s/ John S. Sasaki
                John S. Sasaki

Attorneys for Defendants
COUNTY OF LOS ANGELES,
DISTRICT ATTORNEY'S OFFICE,
STEVE COOLEY, CURTIS HAZELL,
JOHN SPILLANE, JOHN ZAJEC, and
JACQUELYN LACEY

LAI-3095219v3