1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10
11

| | |
|---|---|
| ONE UNNAMED DEPUTY DISTRICT ATTORNEY; et al., | **Case No. CV 09-7931 ODW (SSx)** |
| Plaintiffs, | **PROTECTIVE ORDER RE CONFIDENTIAL DISCOVERY MATERIAL** |
| v. | |
| COUNTY OF LOS ANGELES; et al., | |
| Defendants. | Discovery Cut-Off Date:   12/13/10 |
| | Pre-Trial Conf. Date:       2/23/11 |
| | Trial Date:                      3/15/11 |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**1.**   **DEFINITIONS**

1.1   <u>Discovery Material</u>:  all information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced in, or created for the purpose of, disclosures or responses to discovery in this action.

1.2   "<u>Confidential</u>" Information:  Discovery Material that is entitled to protection under Fed. R. Civ. P. 26(c).  "Confidential" Information shall not include material already in the public record.

1.3   "<u>Highly Confidential–Attorneys' Eyes Only</u>" Information: "Confidential" Information of a kind such that disclosure could create a risk of serious injury that could not be avoided by less restrictive means.  This includes, without limitation, information of a proprietary nature that might reasonably be of value to a person or entity with adverse interests to the Party or non-party holding the proprietary rights to the information, or information of a private and sensitive nature that might reasonably be of value to a person or entity with adverse interests to the Producing Party or non-party to whom the information relates.

"Highly Confidential–Attorneys' Eyes Only" Information shall include, without limitation, the following documents to be produced by Defendant County of Los Angeles pursuant to agreements reached during the hearing on Plaintiff's motion to compel held on July 26, 2010 and the Court's ruling on said motion: (1) Defendant Peter Burke's Performance Evaluations from 2005 to the present; (2) Defendant Burke's written requests for time-off work from March 2008 through 2009; and (3) documents related to inquiries received the District Attorney's *Brady* unit from August 1, 2005 through July 31, 2010 ("*Brady* documents").  Good cause exists for maintaining the confidentiality of Defendant Burke's Performance Evaluations and time-off requests because, among other things, disclosure would undermine Burke's reasonable expectation of privacy in his personnel records and potentially harm both Burke's and the County's interest in ensuring candid

employee evaluations.  Good cause exists for maintaining the confidentiality of the *Brady* documents because, among other things, disclosure would protect against the unjustified disclosure of peace officer personnel matters and other sensitive information contained in such documents including but not limited to the practices, procedures and theories under which the District Attorney's Office generally operates in identifying, analyzing and resolving potential *Brady* issues.

1.4   Protected Material:  any Discovery Material that is designated as "Confidential" or as "Highly Confidential–Attorneys' Eyes Only."

1.5   Legend:  the designation affixed to or appearing on Protected Materials (*i.e.*, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" or their equivalents).

1.6   Party:  any party to this action, including all of its officers, directors, employees, Counsel and Experts.

1.7   Receiving Party:  a Party that receives Discovery Material from a Producing Party.

1.8   Producing Party:  a Party who produces Discovery Material to a Receiving Party.

1.9   Counsel:  attorneys who represent or otherwise are advising a Party in connection with this action, together with the clerical or other support staff who are employed by such attorneys.

1.10   Expert:  a person who is not a current employee of a Party and has been retained by a Party or Counsel to serve as an expert witness or as a consultant in this action, including without limitation a professional jury or trial consultant retained in connection with this action.

1.11   Vendors:  persons or entities who provide litigation support services (*e.g.*, deposition stenography; photocopying; videotaping; translating; preparing exhibits or demonstrations; data management, including organizing, storing, or retrieving data in any form or medium; etc.), together with their employees and

1    subcontractors.

2        1.12    Certificate of Compliance:  a certificate of compliance with this

3    Protective Order, and acknowledgement and agreement to be bound by it, in the

4    form set forth in Exhibit "A" attached hereto.

5        **2.    SCOPE**

6        The protections conferred by this Order cover not only Protected Material,

7    but also any information copied or extracted from Protected Material, as well as all

8    copies, excerpts, summaries, or compilations thereof, including without limitation

9    testimony, conversations, or presentations and submissions by Parties or Counsel to

10   the Court, as well as other settings, that contain or could reveal Protected Material.

11       **3.    DURATION**

12       All obligations and duties arising under this Protective Order and under any

13   Certificate of Compliance executed pursuant to this Order shall survive the

14   termination of this action unless the Producing Party agrees otherwise in writing or

15   the Court otherwise orders.

16       **4.    DESIGNATING PROTECTED MATERIAL**

17       4.1    Exercise of Restraint and Care.  Each Producing Party that designates

18   information for protection under this Order shall endeavor in good faith to limit any

19   such designation to information that qualifies for protection under applicable law.

20   If it comes to a Producing Party's attention that information it has designated for

21   protection does not qualify for protection at all, or does not qualify for the level of

22   protection initially designated, the Producing Party shall promptly notify all other

23   parties that it is correcting the mistaken designation.

24       4.2    Manner and Timing.  Except as otherwise provided in this Order or as

25   otherwise stipulated by the parties or ordered by the Court, Discovery Material that

26   qualifies for protection under this Order must be clearly designated as such before it

27   is disclosed or produced.  Designation requires the following:

28       (a)    for information produced in documentary form (apart from transcripts

                                        - 4 -

of depositions or other pretrial or trial proceedings), that the Producing Party affix the appropriate Legend (*i.e.*, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" or their equivalents) on each page that contains Protected Material.  If only a portion of the information on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (*i.e.,* "Confidential" or "Highly Confidential–Attorneys' Eyes Only").

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party providing or sponsoring the testimony (such party to be considered the "Producing Party" for purposes of this Order) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and the level of protection being asserted (*i.e.*, "Confidential" or "Highly Confidential–Attorneys' Eyes Only").

When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Producing Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty (30) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the appropriate Legend, in accordance with the instructions of the Producing Party.

(c)     for information produced in some form other than documentary evidence, that the Producing Party affix the appropriate Legend in a prominent place on the exterior of the item, or the container or containers in which the item is

1   stored.  If only portions of the item warrant protection, the Producing Party, to the

2   extent practicable, shall identify the protected portions with the Legend.

3         4.3   Inadvertent Failure to Designate.  Any Discovery Material produced

4   by a Party that should have been designated Protected Material but is inadvertently

5   produced without the appropriate Legend may subsequently be designated as

6   Protected Material.  Any party that seeks to so designate Discovery Material

7   already produced must, within thirty days (30) days after discovering the

8   inadvertent production, provide, at its own expense, substitute Discovery Material

9   bearing the Legend.  Upon receipt of the substituted Discovery Material, each

10  Receiving Party must return or destroy all copies of the undesignated Discovery

11  Material and confirm, in a letter to Counsel of record in this action for the

12  Producing Party, that it has done so.

13        **5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

14        5.1   Right to Challenge.  A Receiving Party may, at any time after the

15  production or disclosure of Protected Material and subject to the "meet and confer"

16  requirements set forth in Rule 37-1 of the Local Civil Rules for the United States

17  District Court for the Central District of California (the "Local Civil Rules"), move

18  the Court for an order determining that information designated as Protected

19  Material does not qualify for protection at all, or does not qualify for the level of

20  protection designated.  On any such motion, the Producing Party shall have the

21  burden to establish that the information has been appropriately designated as

22  Protected Material under the terms of this Order and applicable law.  Neither the

23  designation of information as Protected Material nor the failure of a Receiving

24  Party to object to such a designation shall be deemed relevant in determining

25  whether the Discovery Material is appropriate for protection under this Order.

26        5.2   Protection Pending Challenge.  In the event a Receiving Party

27  challenges any designation of information as Protected Material, such information

28  shall be deemed covered by this Order, entitled to the level of protection as asserted

by the Producing Party, unless and until the Court orders otherwise.

**6.**   **ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1   <u>Basic Principles</u>.  Except as otherwise provided in this Order or as otherwise stipulated by the parties or ordered by the Court, a Receiving Party may use Protected Material that is disclosed or produced by another Party only in connection with, and as necessary to, the preparation and trial of this action, any related appellate proceedings, or efforts to mediate or settle this action, and not for any other purposes, including without limitation any other litigation or any business, competitive, or governmental purpose or function.

Protected Material may be disclosed only to those persons and under the conditions set forth in this Order, and must be maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  When this action has concluded, a Receiving Party must comply with the provisions of section 9, entitled "Final Disposition," below.

6.2   <u>Disclosure of "CONFIDENTIAL" Information</u>.  Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose Confidential Information only to:

(a)   the Court and its personnel;

(b)   any mediator(s) engaged by the Parties in this action;

(c)   the Parties and their Counsel;

(d)   Experts retained by the Receiving Party to whom to it is necessary to disclose Protected Material for the purpose of assisting Counsel in this action and who have signed a Certificate of Compliance;

(e)   Vendors to whom it is necessary to disclose Protected Material for the purpose of assisting Counsel in this action and who have signed a Certificate of Compliance;

(f)   during their depositions or at trial, any person who is substantively discussed in the information (but only as to the specific information referencing,

- 7 -

1  discussing or mentioning such person), provided they have signed a Certificate of
2  Compliance; and

3        (g)    any person who has signed a Certificate of Compliance and:  (i) is the
4  original source of the information, is specifically identified as an author or recipient
5  of the document, or otherwise has knowledge of the information; (ii) is a current
6  officer, director or employee of the Producing Party (but only as to the specific
7  information or material to which that person has had access during his/her
8  employment); or (iii) was formerly an officer, director or employee of the
9  Producing Party (but only as to the specific information or material to which that
10  person had access during his/her employment).

11        6.3    Disclosure of "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES
12  ONLY" Information.  Unless otherwise ordered by the Court or permitted in
13  writing by the Producing Party, a Receiving Party may disclose "Highly
14  Confidential–Attorneys' Eyes Only" Information only to:

15        (a)    the Court and its personnel;

16        (b)    any mediator(s) engaged by the Parties in this action;

17        (c)    Counsel for the Parties (but not the Parties themselves);

18        (d)    Experts retained by the Receiving Party to whom it is necessary to
19  disclose Protected Material for the purpose of assisting Counsel in this action and
20  who have signed a Certificate of Compliance;

21        (e)    Vendors to whom it is necessary to disclose Protected Material for the
22  purpose of assisting Counsel in this action and who have signed a Certificate of
23  Compliance;

24        (f)    during their depositions or at trial, any person who is substantively
25  discussed in the information (but only as to the specific information referencing,
26  discussing or mentioning such person), provided they have signed a Certificate of
27  Compliance; and

28        (g)    any person who has signed a Certificate of Compliance and:  (i) is the

original source of the information, is specifically identified as an author or recipient of the document, or otherwise has knowledge of the information; (ii) is a current officer, director or employee of the Producing Party (but only as to the specific information or material to which that person has had access during his/her employment); or (iii) was formerly an officer, director or employee of the Producing Party (but only as to the specific information or material to which that person had access during his/her employment).

6.4   <u>Certificate of Compliance</u>.  For those persons who are required to sign a Certificate of Compliance before obtaining access to Protected Material (under sections 6.2 and 6.3, above), such persons shall be provided with a copy of this Order and shall execute a Certificate of Compliance.  Counsel of record for the Party allowing access to the Protected Material shall retain the original copy of the executed Certificates of Compliance and need not disclose who has executed certificates during the course of this action, unless a dispute arises as to the dissemination of Protected Material to persons other than those identified authorized under this Order.  After final disposition and termination of this action, each Party shall deliver to the other Parties, upon request, copies of all certificates executed pursuant to this section.

## 7.   **PROTECTED MATERIAL SOUGHT IN OTHER LITIGATION**

In the event a Receiving Party is served with a subpoena or order issued in other litigation that would compel the production or disclosure of any Protected Material, the Receiving Party must notify the Producing Party, in writing (and by fax or email, if possible) immediately, and in no event more than three (3) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the person who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to such person.

The purpose of imposing these duties on a Receiving Party is to alert the interested parties to the existence of this Order and to afford the Producing Party an opportunity to protect its interests in the forum where the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material.

## 8.   **FILING OF PROTECTED MATERIAL**

Unless permitted in writing by the Producing Party, a Receiving Party shall not file with the Court any Discovery Material designated by the Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" without (i) an order from the Court, obtained pursuant to section 5 above, that the Discovery Material does not qualify for protection, or (ii) an order from the Court, obtained in accordance with Rule 79-5.1 of the Local Civil Rules, that permits the filing of the Discovery Material under seal.

## 9.   **FINAL DISPOSITION**

Unless otherwise ordered by the Court or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  At the Receiving Party's option, it may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

1 | Notwithstanding this provision, Counsel are entitled to retain an archival
2 | copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence
3 | or attorney work product, even if such materials contain Protected Material.  Any
4 | such archival copies that contain or constitute Protected Material remain subject to
5 | this Order as set forth in section 3, entitled "Duration," above.
6 | **IT IS SO ORDERED.**

Dated: August 16, 2010

_____/s/_____
Suzanne H. Segal
United States Magistrate Judge

**EXHIBIT A**

CERTIFICATE OF COMPLIANCE:

ACKNOWLEDGMENT OF PROTECTIVE ORDER
AND AGREEMENT TO BE BOUND

I, _____
[print or type full name]

of _____
[print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Protective Order Re Confidential Discovery Material (the "Protective Order") entered by the United States District Court for the Central District of California on _____, 2010 in the lawsuit entitled *One Unnamed Deputy District Attorney, et al. v. County of Los Angeles, et al.*, Case No. CV 09-7931 ODW (SSx).

I agree to comply with and to be bound by all of the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]