O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| ONE UNNAMED DEPUTY DISTRICT ATTORNEY, et al. | ) ) ) | CASE NO. CV 09-7931 ODW (SSx) |
|---|---|---|
| Plaintiffs, | ) ) ) | ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY ADJUDICATION [144, 145] |
| vs. | ) ) ) | |
| COUNTY OF LOS ANGELES, et al., | ) ) | |
| Defendants. | ) ) | |

## I. INTRODUCTION

The Association of Deputy District Attorneys ("ADDA") brings this action on behalf of a class of deputy district attorneys to protect their "First Amendment rights of speech and association to engage in union-related activities without being subjected to Defendants' policy of discrimination and intimidation." (Compl. ¶ 5.) Among other things, Plaintiffs allege that Defendants punitively transferred several deputy district attorneys associated with the ADDA, demoted them, awarded them undeserved mediocre performance reviews and otherwise discriminated against them.

Defendants now move for summary judgment as to the ADDA's Eighth and Ninth claims. This Court previously granted the ADDA's motion for a preliminary injunction on March 2, 2010, and its motion for class certification on January 24, 2011. As the parties are thus familiar with the facts of this case, the Court will only address those facts material to disposition of the pending motions as they arise.

## II. DISCUSSION

### A. Legal Standard: Summary Judgment

Rule 56(c) requires summary judgment for the moving party when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). That burden may be met by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify specific facts that show a genuine issue for trial. *Id.* at 323-34. The nonmoving party must use "[its] own affidavits, . . . depositions, answers to interrogatories, [or] admissions on file" to designate such specific facts. *Celotex*, 477 U.S. at 324 (citation omitted). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Only genuine disputes – where the evidence is such that a reasonable jury could return a verdict for the nonmoving party – over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *See Anderson*, 477 U.S. at 248. It is not the task of the district court "to scour the record in search of a genuine issue of triable fact. [Courts] rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

B.  Defendants' Motions for Summary Judgment

On June 30, 2011, Defendants County of Los Angeles ("County"), Steve Cooley, Curt Hazell, John Spillane, John Zajec, Jacquelyn Lacey, Janet Moore, Mario Trujillo and Lance Wong moved for partial summary judgment as to the Eighth and Ninth claims in Plaintiffs' First Amended Complaint. (*See* Docket Nos. 144, 145.)  On July 1, 2011, Defendant Peter A. Burke filed his own motion.  Because Burke was subsequently dismissed from this action, his motion is **MOOT**. (Docket No. 146.)

Furthermore, the "ADDA has no objection to summary judgment being granted to [all Defendants other than the County] as to [Claim] VIII and to all Defendants as to [Claim] IX." (Opp'n at 2.)  Accordingly, the Court turns to Plaintiffs' Eighth Claim against the County, violation of Plaintiffs' constitutional right to informational privacy.

### *Informational Privacy*

The ADDA alleges that former defendant Peter Burke obtained a list from the County's Employee Relations Commission ("ERCOM") which identified deputies who had signed union cards. (Mot. at 1.)  According to the ADDA, Burke then attached a copy of that list to a complaint he filed in state court and gave copies to "management officials" in the District Attorney's Office.  Plaintiffs seek relief under 42 U.S.C. § 1983 against the County on the theory that Burke's dissemination of the list was undertaken pursuant to a County custom and policy of discriminating against ADDA members.

It is, and shall remain an open question whether Plaintiffs have a constitutional right to informational privacy.  Despite a recent opportunity to settle the issue, the Supreme Court instead followed precedent and "assume[d] for present purposes that the [alleged invasions] implicate a privacy interest of constitutional significance." *Nat. Aeronautics and Space Admin. v. Nelson*, 131 S.Ct. 746, 756 (2011) (citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977).  This court does the same; especially because Defendants' motions turn not on constitutional principles, but on municipal liability under Section 1983.

The following is undisputed. In late 2008, former defendant Burke, who is himself an ADDA member, filed an action in state court challenging certain actions taken by the ADDA. (UF 1.) On October 14, 2008, Burke submitted a public records request to ERCOM asking for records relating to ERCOM's designation of the ADDA as the representative for the County employees' bargaining unit comprised of deputy district attorneys in Grades I through IV. (UF 2.) In response, ERCOM sent Burke a box of documents containing "among other things a list (the "List") of names of deputy district attorneys with markings next to certain [ ] names." (UF 4.) Burke made a copy of the List and attached it to the complaint he filed against the ADDA board. (UF 5.) After Burke filed his lawsuit, he shared copies of the complaint (including the attached List) with a number of colleagues. (UF 6.) Those coworkers did not give copies of the List "they received from Burke – or encourage[] or instruct[] anyone else to give copies – to Cooley or any other management officials, and none of them kept a copy of that document after Burke returned a few days later to retrieve it." (UF 12.)

Burke ultimately prevailed in his state action and was awarded attorneys' fees under a state statute authorizing fee awards to successful litigants whose efforts result in "the enforcement of an important right affecting the public interest." In opposing that award, the ADDA argued that the harm caused by Burke's dissemination of the List outweighed any benefits that might have resulted from the litigation. The California Court of Appeal disagreed, finding Burke "did not know the list should have been kept confidential" and that he made "acceptable" efforts to remedy the "inadvertent disclosure." *Burke v. Ipsen*, 189 Cal. App. 4th 801, 824 (2010).

Defendants argue the ADDA may not maintain this claim against the County because, among other things, Burke's dissemination of the List did not involve "state action" and, even if it did, Burke did not act, and the alleged constitutional violations were not visited upon Plaintiffs pursuant to a County practice or custom.

*State Action*

The ADDA argues "Burke's abuse of his status as a [deputy district attorney] to gain access to restricted government offices in order to deliver to Cooley management officials highly sensitive, private information about employees [ ] satisfies the color of state law requirement for §1983." (Opp'n at 14.) Relying on out-of-circuit authority, the ADDA contends "defendants act under color of state law when they abuse their authority as government officials in order to enter offices where they subsequently commit constitutional violations." (Opp'n at 13-14) (citing *United States v. Colbert*, 172 F.3d 594 (8th Cir. 1999) and *Gillard v. Schmidt*, 579 F.2d 825 (3d Cir. 1978)).

In the Ninth Circuit, Section 1983's color-of-state-law requirement is met only where the defendant has engaged in "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941); *see also Huffman v. County of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1998) ("an officer who is 'pursuing his own goals…' does not act under color of law, unless he 'purports or pretends' to do so").

Here, it cannot be said that the alleged violation–Burke's dissemination of the List to coworkers–was made possible only because Burke was clothed with the authority of state law. As the ADDA would have it, because Burke happened to disseminate the List while on duty as a deputy district attorney, he acted under color of state law. (Opp'n at 13-15.) But this argument fails to heed, or satisfy the Supreme Court's directive that the claimed violation be "made possible *only* because the wrongdoer is clothed with the authority of state law." *Classic*, 313 U.S. at 326 (emphasis added). Burke, after all, could easily have mailed the documents to those individuals, handed them over outside work, or employed any one of several delivery methods.[1] Simply, Burke's alleged violation was not made possible only by virtue of his authority and does not constitute state action.

---

[1] As Defendants observe, "[t]he fact that Burke's ability to distribute copies of his complaint was not dependent on his status or authority as a [deputy district attorney] distinguishes the cases cited by ADDA in support of its argument that Burke was acting under color of state law." (Reply at 8.)

5

### III.  CONCLUSION

The County's motion for summary judgment is GRANTED in its entirety.

**SO ORDERED**

September 19, 2011

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE